IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,              )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )   Case Number CR-07-252-1-C
                                        )
JOSE JESUS RAMIREZ-HERNANDEZ,          )
                                        )
            Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

Defendant, appearing pro se, has filed a document which could be construed as asserting a 28 U.S.C. § 2255 Motion. However, Defendant's pleading is not on the form required by LCvR9.2(a). Further, the pleading does not contain the information necessary for consideration as a § 2255 Motion. Because this document would be Defendant's first § 2255 Motion, the Court will give Defendant the opportunity to file his request for relief on the proper form and provide the facts necessary for proper consideration of his claim. See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) (noting court should warn litigant before sua sponte converting pleading to § 2255 motion).

To give some additional guidance to Defendant, the Court notes that, if pursued, Defendant's claim will likely fail. In his present pleading, Defendant asserts entitlement to relief from his sentence based on the Supreme Court's recent ruling in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). However, Johnson applies to persons who were sentenced pursuant to the residual clause of the Armed Career Criminal Act. Defendant's sentence in this case is not in any way connected to that statute. Rather, Defendant's

sentence in this case was for violation of 21 U.S.C. § 846, Conspiracy to Possess and Distribute Methamphetamine, and 18 U.S.C. § 924(c) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. His sentence was based on the applicable guideline range for those convictions and his criminal history. He was not sentenced under the Armed Career Criminal Act. Thus, <u>Johnson</u> is inapplicable to Defendant's case.

For the reasons set forth herein, Defendant's present pleading (Dkt. No. 113) is STRICKEN. To the extent Defendant wishes to pursue a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, he must file that request on the appropriate form and within the applicable time limits.

IT IS SO ORDERED this 29th day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge